**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Jose L. Linares**
United States District Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-6042)

**LETTER OPINION and ORDER**

December 10, 2014

*All counsel of record via ECF*

Re: **International Union of Painters and Allied Trades District Council 711 Health and Welfare and Vacation Funds** *et al*
**Civil Action No.: 13-4932 (JLL) (JAD)**

Dear Counsel:

This Letter Opinion and Order shall address Defendant Manuel Caamano's Motion to Dismiss Defendant, RTI Restoration Technologies, Inc., (hereinafter "RTI")'s Cross-Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 59). This Motion is unopposed by RTI. After careful consideration of the moving submission on the issue, and for the reasons stated below, Defendant's Motion to Dismiss, (ECF No. 59), is **GRANTED.**

**I. BACKGROUND**

Plaintiffs filed a Complaint in this action on August 15, 2013. (*See* Complaint, ECF No. 1). The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. (Am. Compl., ECF No. 32 ¶1). This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29

U.S.C. §1132(e)(2) as the relevant trust funds are administered in the State of New Jersey and the various Defendants maintained and/or maintains a principal place of business in the State of New Jersey. (Id. ¶2).

Defendant Coating Technologies was a party to and/or agreed to abide by the terms and conditions of a collective bargaining agreement ("CBA") with the International Union of Painters and Allied Trades District Council 711 ("the Union") or one or more local labor unions or district councils affiliated with the Union. (Id. ¶19). By virtue of the CBA, trust agreements, and in accordance with federal law and administrative regulations, Defendant Coating Technologies agreed to a number of items (*i.e.* remit fringe benefits, submit monthly remittance reports etc), of which, it has allegedly failed to do. (Id. ¶¶21-25). There are many other defendants in this action but only two are relevant to this Motion. Defendant, Manuel Caamano is and/or was the principal shareholder of Defendant, Coating Technologies, as well as a fiduciary. (Id. ¶¶41, 49). Defendant, RTI, has allegedly been the "alter-ego of Defendant Coating Technologies and is bound to the CBA under a single or joint employer theory." (Id. ¶58).

Defendant RTI submitted its Answer to the Amended Complaint on October 14, 2014. (ECF No. 55). RTI asserted cross-claims against all other defendants stating "crossclaims against all other defendants for all or part of the claims asserted in this action by the plaintiffs against it." (ECF No. 55 at 10). Defendant, Manuel Caamano moves to dismiss this cross claim.

## II. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable

inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 6782 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). ). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994).

### III. DISCUSSION

The Court is mindful that Federal Rule of Civil Procedure 8's pleading standards are applicable to cross claims. *See Mathis v. Camden Cnty.*, 2009 WL 4667094 (D.N.J. Dec. 3, 2009) (applying the standards of pleading set forth in Rule 8 to a party's cross-claim for contribution). Fed. R. Civ. P. 8(a) provides that any claim for relief (including a cross-claim) must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As previously stated, RTI only asserts a cross claim against all other defendants by stating "cross-claims against all other defendants for all or part of the claims asserted in this action by the plaintiffs against it." (ECF No. 55 at 10). RTI does not assert any substantial facts or arguments beyond this in their cross-claim. Additionally, RTI failed to submit an opposition to this motion to provide any clarification to the Court as to the basis for any cross-

claim. Without alleging any facts, this broad and all-encompassing cross-claim must be dismissed.

## IV. CONCLUSION

For the reasons articulated above, Defendant's unopposed Motion to Dismiss, (ECF No. 59), is **GRANTED**. The cross-claims described herein are dismissed with prejudice.

**SO ORDERED**

_____
JOSE L. LINARES, U.S.D.J.